**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
ANN ARBOR DIVISION**

| | |
|---|---|
| ELIZABETH TONCEVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | )   5:16-cv-10947 |
| v. | ) |
| | ) |
| LAW OFFICES OF MICHAEL R. STILLMAN, P.C., d/b/a STILLMAN LAW OFFICE, | ) |
| | )   JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the plaintiff, ELIZABETH TONCEVICH, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, LAW OFFICES OF MICHAEL R. STILLMAN, P.C., d/b/a STILLMAN LAW OFFICE, the plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. ELIZABETH TONCEVICH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in Northfield Township, County of Washtenaw, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Chase Bank USA, NA, (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Midland Funding, LLC purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. LAW OFFICES OF MICHAEL R. STILLMAN, P.C., d/b/a STILLMAN LAW OFFICE, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Michigan. Defendant is registered as a professional corporation in the State of Michigan.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Upon information and belief, Defendant was hired by Midland Funding, LLC to collect the Debt from Plaintiff.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

16. On or about October 6, 2015, on behalf of Midland Funding, LLC Defendant filed a lawsuit against Plaintiff in the 53rd District Court, Livingston County, State of Michigan, captioned as *Midland Funding, LLC as Assignee of Chase Bank USA, NA,* with case number 15-4220-GC (hereinafter, "the Livingston County Lawsuit").

17. Defendant represents Midland Funding, LLC in the Livingston County Lawsuit.

18. On or about October 6, 2015, Defendant attempted to collect the Debt from Plaintiff by its filing of the Livingston County Lawsuit against Plaintiff.

19. The Livingston County Lawsuit was filed against Plaintiff in the County of Livingston, State of Michigan.

20. At the time Defendant filed the Livingston County Lawsuit, Plaintiff resided in Ann Arbor, Michigan.

21. Plaintiff has resided at the same location for approximately twenty (20) years.

22. Ann Arbor is located in the County of Washtenaw.

23. At the time Defendant filed the Livingston County Lawsuit, Defendant was cognizant that Plaintiff resided in the County of Washtenaw, State of Michigan.

24. On or about October 6, 2015, Plaintiff did not reside in the County of Livingston, State of Michigan.

25. On or about October 6, 2015, Plaintiff resided in the County of Washtenaw, State of Michigan.

26. On or about October 6, 2015, Defendant was cognizant Plaintiff did not reside in the County of Livingston, State of Michigan.

27. Upon information and belief, on or prior to October 6, 2015, Defendant was cognizant that Plaintiff did not incur the Debt and/or sign the contract being sued upon while she was residing in the County of Livingston, State of Michigan.

28. By filing the Livingston County Lawsuit against Plaintiff, Defendant initiated a legal action against Plaintiff relative to a Debt in a judicial district other than the judicial district where Plaintiff resided at the time Defendant filed the lawsuit.

29. The last activity relative to the Debt was in September 2009.

30. Pursuant to MCL 600.5807(8), the statute of limitations for the filing the Livingston County Lawsuit expired in September 2015.

31. Defendant filed the Livingston County Lawsuit on October 6, 2015, when the suit was time barred.

32. When Defendant filed the Livingston County Lawsuit, Defendant misrepresented the character, amount, and/or legal status of the Debt given that Defendant was precluded from collecting the Debt by lawsuit.

33. Defendant was aware, or should have been aware, that it was filing a lawsuit against Plaintiff a county in which she neither entered in the contract relative to the debt nor resided at the time the action was commenced.

34. Defendant was aware, or should have been aware, that it was filing a time-barred lawsuit against Plaintiff for the Debt.

35. Defendant's actions in filing a time-barred Debt in an inappropriate venue are actions that are unfair and unconscionable.

36. On or about January 25, 2016, Plaintiff's counsel sent correspondence to Defendant, which stated: "Please be advised that we have been retained to represent Elizabeth Toncevich with respect to any and all debts that you have been attempting to collect from her. You are hereby instructed to cease and desist from all further communication with Elizabeth Toncevich."

37. The aforesaid correspondence dated January 25, 2016 contained Plaintiff's counsel's name, address, and contact telephone numbers.

38. Defendant received a copy of the aforesaid correspondence dated January 25, 2016 from Plaintiff's counsel to Defendant.

39. On or about February 10, 2016, Plaintiff's counsel sent a second correspondence to Defendant apprising Defendant that Plaintiff was represented by counsel.

40. The aforesaid correspondence dated February 10, 2016 contained Plaintiff's counsel's name, address, and contact telephone numbers.

41. Defendant received a copy of the aforesaid correspondence dated February 10, 2016 from Plaintiff's counsel to Defendant.

42. As of on or about January 25, 2016, Defendant was aware that Plaintiff was represented by an attorney.

43. Despite being informed that Plaintiff was represented by an attorney, on or about March 9, 2016, Defendant mailed a correspondence to Plaintiff dated February 12, 2016 relative to the Debt.

44. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

45. Neither Plaintiff nor Plaintiff's counsel consented to Defendant having direct communication with Plaintiff.

46. In its attempts to collect the debt allegedly owed by Plaintiff to Midland Funding, LLC, assignee of Chase Bank USA, NA, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   g. Initiated a legal action on a debt against a consumer in a judicial district other that in which the consumer signed the contract being sued upon or in which the consumer resided at the commencement of the action in violation of 15 U.S.C. §1692i(a)(2)

   h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

47. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.   JURY DEMAND

48. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH TONCEVICH, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

- a. All actual compensatory damages suffered;
- b. Statutory damages of $1,000.00;
- c. Plaintiff's attorneys' fees and costs;
- d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ELIZABETH TONCEVICH**

By:   s/ David M. Marco
Attorney for Plaintiff

Dated: March 16, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:   dmarco@smithmarco.com